**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRIAN KUZNESOFF, | |
|     Plaintiff, | CIVIL ACTION NO. 3:CV-13-02138 |
|     v. | (JUDGE CAPUTO) |
| THE FINISH LINE, INC., | |
|     Defendant. | |

### MEMORANDUM

Presently before the Court is Plaintiff Brian Kuznesoff's Petition to Open (Doc. 6), in which he seeks to reinstate his Complaint (Doc. 1) filed in this court and later terminated by a Praecipe to Discontinue (Doc. 5).  Also before the Court is Defendant the Finish Line's Response to the Petition to Open and Cross-Petition to Confirm Arbitration Award (Doc. 9).  Because the Arbitrator had a rational basis for her determination that the plaintiff's claim was time-barred, Plaintiff's Petition to Open will be *denied,* and Defendant's petition to confirm the arbitrator's award will be *granted.*

### I. Background

This petition arises out of events that occurred while Plaintiff Brian Kuznesoff was employed by Defendant the Finish Line, Inc. ("Finish Line") at its retail store in Stroudsburg, Pennsylvania, and then in Scranton, Pennsylvania.  (Doc. 1, ¶ 4.)

Plaintiff was hired as an assistant manager for the Stroudsburg store in November, 2011.  (*Id.*)  He was transferred to the Scranton location on March 18, 2012.  (*Id.*)  Plaintiff alleges that throughout his employment, he was subject to derogatory comments based on his religion, and ultimately suffered a constructive discharge.  (Doc. 1, ¶ 6.)  Plaintiff's employment with Defendant ended on or about March 28, 2012.  (Doc. 6, ¶ 3.)

Based on the foregoing, Plaintiff filed a claim with the Equal Employment Opportunity Commission (EEOC), in accordance with Title VII's administrative exhaustion requirement.  The EEOC issued a Right to Sue letter on May 31, 2013.  (Doc. 6, ¶ 4.)  This letter noted

that any lawsuit "must be filed WITHIN 90 DAYS from your receipt of this Notice, otherwise, your right to sue based on the charge will be lost." (Doc. 2, *Ex. A* (capitals in original).) On August 12, 2013, Plaintiff filed a lawsuit in the Middle District of Pennsylvania (Doc. 1). His complaint contained two (2) counts: discrimination in violation of the Pennsylvania Human Rights Act and Title VII of the Civil Rights Act of 1964, and defamation. (*Id.*)

On August 21, 2013, Defendant's in-house counsel sent an email to Plaintiff's attorney attaching Finish Line's "Employee Dispute Resolution Plan," ("EDRP") which required that employees bring claims against Finish Line through arbitration, and requesting that Plaintiff discontinue the complaint and re-file in arbitration. (Doc. 9-5, *Ex. E*, 4.) On September 11, 2013, Plaintiff filed a "Praecipe to Discontinue," (Doc. 6) requesting that this matter be discontinued and ended without prejudice, and the action was terminated.

On September 24, 2013, Plaintiff's attorney sent the Finish Line Legal Department a letter informing it that he had withdrawn the federal court litigation in the matter "based on the arbitration agreement in Mr. Kuznesoff's application for employment." (Doc. 9-3, *Ex. C*, 11.) Plaintiff's attorney wrote: "I ask that you accept this letter as a formal demand for arbitration of his claims," and requested that the letter be forwarded to Deputy General Counsel to move the matter forward in arbitration. (*Id.*) Plaintiff asserts that he received no response, and his attorney sent two (2) follow-up letters on October 15 and November 7. (*Id.* at 12-13.)

On November 18, 2013, Finish Line's outside counsel sent Plaintiff's counsel a letter stating that they had received no notice that Plaintiff had initiated arbitration with the American Arbitration Association ("AAA") as required by the EDRP. (Doc. 9-4, *Ex. D,* 19.) This letter noted that "it is our position that Mr. Kuznesoff is now time barred from raising claims against our client in arbitration or any other forum." (*Id.*) The EDRP states that "A party must initiate proceedings by filing a written notice ("Demand") of an intention to Arbitrate at any regional office of the AAA." (Doc. 9-2, *Ex. B*, 31.) The EDRP discusses the statute of limitations in the same section: "A party must initiate any Arbitration proceeding under this Plan within the lesser of the applicable time period established by the governing

statute of limitations or one year." (*Id.*) The arbitrator found that the governing statute of limitations was ninety (90) days, as set out in the EEOC "Right to Sue" letter.

On November 20, 2013, Plaintiff initiated a demand for arbitration with the American Arbitration Association (Doc. 9-1, *Ex. A.*) In response, Defendant filed a Motion to Dismiss, based on the statute of limitations, and also arguing that Plaintiff failed to state a claim with respect to his defamation claim. Plaintiff filed a brief in opposition, and Defendant filed a reply brief in support of its motion. (Doc. 9-5, *Ex. E.*) On April 14, 2014, the arbitrator issued a decision granting the motion to dismiss. (*Id.*)

On May 14, Plaintiff filed a "Petition to Open" his original complaint in this court. (Doc. 6.) On June 17, Defendant filed a Response to the Petition to Open and a Cross-Petition to Confirm Arbitration Award. (Doc. 9.) Plaintiff's Petition to Open will be construed as a petition to vacate the arbitrator's decision.

## II. Legal Standard

"The Federal Arbitration Act (FAA or Act), *9 U.S.C. § 1 et seq.*, provides for expedited judicial review to confirm, vacate, or modify arbitration awards." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 578 (2008). Under the FAA, a federal district judge may vacate an arbitration award where: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrator; (3) the arbitrator was guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) the arbitrator exceeded its powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made. *Sherrock Bhd., Inc. v. DaimlerChrysler Motors Co. LLC*, 465 F. Supp. 2d 384 (M.D. Pa. 2006) *aff'd sub nom. Sherrock Bros. v. DaimlerChrysler Motors Co., LLC*, 260 F. App'x 497 (3d Cir. 2008), citing 9 U.S.C. § 10(a). In addition, the Third Circuit Court of Appeals permits vacatur "in exceptional cases . . . [including] manifest disregard of the law." *Rite Aid N.J., Inc. v. United Food Comm'l*

3

*Workers Union, Local 1360*, 449 F. App'x 126, 128 (3d Cir. 2011).

> "[M]anifest disregard of the law" means "more than error or misunderstanding with respect to the law." *Jeffrey M. Brown Assocs.*, 195 F.Supp.2d at 684; *Tanoma Mining Co. v. Local Union No. 1269, United Mine Workers of Am.*, 896 F.2d 745, 749 (3d Cir. 1990) ("an award may not be vacated merely because the arbitrator made an error of law"). "'[M]anifest disregard of the law' encompasses situations in which it is evident from the record that the arbitrator recognized the applicable law, yet chose to ignore it." *Jeffrey M. Brown Assocs.*, 195 F.Supp.2d at 684. Accordingly, so long as the arbitration award is arguably correct, it must be enforced, "regardless of the fact that a court is convinced that the arbitrator has committed a serious error." *Id.* at 685.

*Sherrock Bhd., Inc.*, 465 F. Supp. 2d at 389-90 (some internal citations omitted).

Arbitrators' decisions may be set aside "only in limited circumstances" under an "extremely deferential standard of review." *Rite Aid N.J., Inc.*, 449 F. App'x at 128. When reviewing an arbitration award, courts "do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts." *Tanoma Mining Co.*, 896 F.2d at 747.

### III. Discussion

Plaintiff Kuznesoff seeks to vacate the arbitration decision because the arbitrator "committed an error of law in dismissing Plaintiff's Arbitration Complaint." (Doc. 6, ¶ 17.) Specifically, Plaintiff asserts that he preserved all relevant statutes of limitation by filing a complaint in federal court within the time prescribed by the EEOC "Right to Sue" letter. (*Id.*, ¶ 16.) Thus, "[t]he Arbitrator's Decision dismissing Plaintiff's Complaint for violation of the Statute of Limitations is in error." (*Id.*) As set out above, a district court must find more than error to set aside an arbitrator's decision. An arbitration award must be enforced even when "a court is convinced that the arbitrator has committed a serious error." *Jeffrey M. Brown Assocs.*, 195 F.Supp.2d at 684. In recent years, the United States Supreme Court has reaffirmed the importance of deference to arbitrators' decisions, *see, e.g., Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008).

The arbitrator determined that it could be assumed that Plaintiff Kuznesoff received

4

the May 31, 2013 EEOC "Right to Sue" letter on or around June 3, 2013. (Doc. 9-5, 6.) Therefore, the ninety (90) day statute of limitations would have ended on September 1, 2013. (*Id.*) Since Plaintiff filed his demand for arbitration with the AAA on November 20, 2013, this was past the deadline. (*Id.*)

Plaintiff Kuznesoff argued that this deadline should be equitably tolled past the statute of limitations, because he filed a complaint in federal court within the statute of limitations. The arbitrator found that the statute of limitations was only equitably tolled during the period when the lawsuit was pending in federal court. Thus, the remaining nineteen (19) days of the statute of limitations began to run again on September 12, 2013, when Plaintiff terminated the complaint. The arbitrator determined that based on this, the tolled deadline for filing was October 1, 2013. After this date, any claims of employment discrimination were barred by Section 6 of the EDRP, which states: "Failure of a party to timely initiate a proceeding hereunder shall bar the party from any relief or other proceedings under this Plan or otherwise and any such dispute shall be deemed to have been finally and completely resolved." (Doc. 9-5, 10.) The arbitrator found that a plain reading indicated that Plaintiff Kuznesoff's claims were barred as untimely. (*Id.,* 11.)

Plaintiff Kuznesoff seeks to vacate this award and reopen his complaint because he alleges this conclusion was erroneous. However, an arbitrator's error of law is not grounds to vacate an award; rather, it must demonstrate a manifest disregard for the law. "An award is enforceable 'if its form can be rationally derived from either the agreement between the parties or the parties' submissions to the arbitrators and the terms of the arbitral award are not completely irrational.'" *Turkey Run Props., L.P. v. Air Structures Worldwide, Ltd.*, No. 4:CV-09-0217, WL 2491518, at *6 (M.D. Pa. June 22, 2011). "The Third Circuit 'has held that there must be absolutely no support at all in the record justifying the arbitrator's determinations for a court to deny enforcement of an award.'" *Id.* (quoting *News Am. Publ'ns, Inc., Daily Racing Form Div. v. Newark Typogr'l Union, Local 103*, 918 F.2d 21, 24 (3d Cir.1990)).

Plaintiff does not argue that the arbitration agreement does not apply, or that the

5

ninety (90) day period was not the proper statute of limitations. Plaintiff appears only to argue that the statute of limitations should have been equitably tolled indefinitely once the initial complaint was filed, even after the complaint was terminated. Plaintiff argues that the arbitrator committed an error of law, but does not specifically explain what error the arbitrator made. Plaintiff does not argue, and there is no indication, that any of the four (4) grounds for vacating an arbitrator's award set out in the FAA are applicable.

Given the broad deference granted to arbitrators, and upon review of the record presented to the arbitrator (attached as exhibits to the Defendant's petition), I do not find that vacatur of the arbitrator's award is warranted. It was not irrational for the arbitrator to reach her conclusion that the statute of limitations was only tolled during the pendency of Plaintiff's federal lawsuit. Thus, Plaintiff did not initiate arbitration in accordance with the EDRP within the statute of limitations. There is sufficient evidence in the record to support the arbitrator's decision.

Because I do not find grounds to vacate the arbitrator's decision, I grant Defendant's cross-petition to confirm the award. "Under the terms of § 9, a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11. Section 10 lists grounds for vacating an award, while § 11 names those for modifying or correcting one." *Hall St. Associates, L.L.C.*, 552 U.S. at 582. Based on the foregoing, Defendant's petition to confirm the arbitrator's decision will be *granted.*

### IV. Conclusion

For the above reasons, Plaintiff's Petition to Open (Doc. 6), construed as a petition to vacate the arbitration decision, will be *denied.* Defendant's Petition to Confirm Arbitration Award (Doc. 9) will be *granted.*

An appropriate order follows.

| | |
|---|---|
| June 3, 2015 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |